**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.        20-cv-2801-NRN

P. J. PARMAR,

Plaintiff,

v.

CITY OF AURORA, COLORADO, a municipal corporation, and
JUSTIN E. HENDERSON, in his official and individual capacity,

Defendants.

---

## ANSWER AND JURY DEMAND

---

All Defendants, by their attorneys at the City of Aurora's City Attorney's Office and at Nathan Dumm & Mayer P.C., answer Plaintiff's Complaint as follows:

## INTRODUCTION

1.      Defendants admit that the Plaintiff asserts claims, but deny that the law or facts support a violation of the Fourth or the Fourteenth Amendments of the United States Constitution.

2.      Defendants deny the allegations in paragraph 2 of Plaintiff's Complaint. Plaintiff has already made public representations of the events at issue that are directly contrary to these allegations and, therefore, it appears that they were made without good faith and reasonable inquiry.

3.      Defendants admit that the City of Aurora implements appropriate policies and training to all of its officers, but deny the remaining allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Defendants do not dispute this Court's jurisdiction under 28 U.S.C. 1331.

5.      Defendants do not dispute the plain language of 42 U.S.C. 1988 concerning attorney fees and costs, but deny any claim Plaintiff makes for attorney fees or costs asserted in paragraph 5 of the Complaint.

6.      Defendants do not dispute venue.

## PARTIES

7.      Defendants currently have insufficient information to admit or deny the allegations in paragraph 7 of the Complaint, and therefore deny those allegations.

8.      Defendants admit the allegations in paragraph 8 of the Complaint.

9.      Defendants admit the allegations in paragraph 9 of the Complaint.

## FACTS

Footnote One.  Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Footnote One and Exhibit 1 allege facts material to this matter, those allegations are denied.

10.     Defendants admit that on the evening of Sunday, March 1, 2020, Plaintiff went to 1532 Galena Street in Aurora, CO (the "property").  Defendants deny that Officer Henderson considered Plaintiff as just another person of color when contact was made that night. Defendants currently have insufficient information to admit or deny the remaining allegations in paragraph 10 of the Complaint, and therefore deny those allegations.

11.     With reference to paragraph 11 of Plaintiff's Complaint, Defendants admit that on the evening of March 1, 2020, Plaintiff came upon Officer Henderson parked in the garage area

of the property.  Defendants deny that Officer Henderson was trespassing on Plaintiff's property, or that he was blocking the entry.  Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph, and therefore deny those allegations.

12.     Defendants deny the allegations in paragraph 12 of the Complaint.

13.     With reference to paragraph 13 of Plaintiff's Complaint, Defendants admit that Plaintiff did not comply with the lawful requests made by Officer Henderson.  Defendants admit that in response to Plaintiff's threatening arrival, Officer Henderson exited his vehicle with his gun drawn in the low ready position and moved quickly towards Plaintiff's vehicle, as he more closely approached the vehicle Officer Henderson shined a flashlight towards the vehicle, yelled at the unidentified driver "[l]et me see your fucking hands," and then ordered Plaintiff to stay in the vehicle.   Defendants deny the remaining allegations contained in this paragraph.

14.     Defendants admit that Plaintiff told Officer Henderson that they were on his property and asked Defendant Henderson to leave.   Defendants also admit that Officer Henderson requested Plaintiff provide information demonstrating he owned the property, but deny Officer Henderson's request had anything to do with Plaintiff's race.  Defendants deny all other allegations in paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff did not comply with Officer Henderson's command that he stay in his vehicle and that because of Plaintiff's actions Officer Henderson continued to hold his gun upholstered in the low ready position for a very short period of time. Defendants further admit that Plaintiff was undeterred by any of Officer Henderson's requests or actions and went about the business.  Defendants deny all other allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     With reference to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendants admit that Officer Henderson informed Plaintiff of his concerns related to Plaintiff's actions, but deny that Officer Henderson harassed Plaintiff in any respect. Defendants deny any other allegations contained in this paragraph.

18.     Defendants admit that Officer Henderson investigated whether to cite Plaintiff for careless driving given the speed and manner in which Plaintiff drove into the parking lot, but ultimately determined not to issue such a citation.  Defendants deny that this investigation was an attempt to intimidate, and deny all other allegations contained in paragraph 18 of the Complaint.

19.     With reference to the allegations contained in paragraph 19 of Plaintiff's Complaint, Defendants admit one of the officers who arrived as backup identified that Plaintiff's vehicle was blocking a City sidewalk.  Defendants deny the remaining allegations contained in this paragraph.

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

21.     With reference to the allegations contained in paragraph 21 of Plaintiff's Complaint, Defendants admit that Plaintiff was not issued a citation, but deny any implication that the decision not to issue a citation supports Plaintiffs' claims, and deny all other allegations in this paragraph.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

25.     Defendants deny the allegations in paragraph 25 of the Plaintiff's Complaint.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*42 U.S.C. 1983 – Fourth Amendment*
*Unlawful Seizure*

26.     With reference to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendants incorporate their responses to the allegations set forth above as if fully set forth herein.

27.     With reference to the allegations contained in paragraph 27 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

28.     With reference to the allegations contained in paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

29.     With reference to the allegations contained in paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

30.    With reference to the allegations contained in paragraph 30 of Plaintiff's Complaint, Defendants admit that Officer Henderson did not have a warrant while he was at the property.  Defendants deny any other allegations that are inconsistent with this admission.

31.    Paragraph 31 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 31 makes factual allegations, Defendants incorporate by reference its responses made to the allegations asserted to paragraphs 13-15 of this Complaint.

32.    With reference to the allegations contained in paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33.    Paragraph 33 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.   To the extent paragraph 33 makes factual allegations, those allegations are denied.

34.    Paragraph 34 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.   To the extent paragraph 34 makes factual allegations, those allegations are denied.

35.    Paragraph 35 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.   To the extent paragraph 35 makes factual allegations, those allegations are denied.

36.    Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

38.     With reference to the allegations contained in paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

**SECOND CLAIM FOR RELIEF**
*42 U.S.C. 1983 – Fourth Amendment*
*Excessive Force*

39.     With reference to the allegations contained in paragraph 39 of Plaintiff's Complaint, Defendants incorporate their responses to the allegations set for above as if fully set forth herein.

40.     With reference to the allegations contained in paragraph 40 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

41.     Paragraph 41 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 41 makes factual allegations, those allegations are denied.

42.     With reference to the allegations contained in paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

43.     With reference to the allegations contained in paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

44.    With reference to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendants admit that Officer Henderson did not have a warrant while he was at the property.  Defendants deny any other allegations that are inconsistent with this admission.

45.    With reference to the allegations contained in paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

46.    With reference to the allegations contained in paragraph 46 of Plaintiff's Complaint, Defendants deny those allegations.

47.    With reference to the allegations contained in paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

48.    With reference to the allegations contained in paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

49.    Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

50.    Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

51.    Defendants deny the allegations in paragraph 51 of the Complaint.

52.    With reference to the allegations contained in paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

53.     Paragraph 53 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 53 makes factual allegations, those allegations are denied.

54.     With reference to the allegations contained in paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

55.     With reference to the allegations contained in paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

56.     With reference to the allegations contained in paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### THIRD CLAIM FOR RELIEF
*42 U.S.C. 1983 – Fourteenth Amendment*
*Excessive Force*

57.     With reference to the allegations contained in paragraph 57 of Plaintiff's Complaint, Defendants incorporate their responses to the allegations set forth above as if fully set forth herein.

58.     With reference to the allegations contained in paragraph 58 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

59.     Paragraph 59 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 59 makes factual allegations, those allegations are denied.

60.     Paragraph 60 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 60 makes factual allegations, those allegations are denied.

61.     With reference to the allegations contained in paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

62.     With reference to the allegations contained in paragraph 62 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

63.     With reference to the allegations contained in paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

64.     With reference to the allegations contained in paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

65.     With reference to the allegations contained in paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

66.     With reference to the allegations contained in paragraph 66 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

67.     With reference to the allegations contained in paragraph 67 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

68.     Paragraph 68 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 68 makes factual allegations, those allegations are denied.

69.     Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

70.     Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

71.     With reference to the allegations contained in paragraph 71 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

72.     With reference to the allegations contained in paragraph 72 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### FOURTH CLAIM FOR RELIEF
*42 U.S.C. 1983 – Fourteenth Amendment*
*Denial of Equal Protection*

73.     With reference to the allegations contained in paragraph 73 of Plaintiff's Complaint, Defendants incorporate their responses to the allegations set forth above as if fully set forth herein.

74.     With reference to the allegations contained in paragraph 74 of Plaintiff's Complaint, Defendant admit that on March 1, 2020 Officer Henderson was acting in his capacity as a police officer for the City of Aurora.  Defendants deny any other allegations contained in this paragraph.

75.     Paragraph 75 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.  To the extent paragraph 68 makes factual allegations, those allegations are denied.

76.     With reference to the allegations contained in paragraph 76 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

77.     With reference to the allegations contained in paragraph 77 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

78.     Paragraph 78 of the Complaint asserts a legal conclusion, and therefore no admission or denial is needed.   To the extent paragraph 78 makes factual allegations, those allegations are denied.

79.     With reference to the allegations contained in paragraph 79 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

80.     With reference to the allegations contained in paragraph 80 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

81.     With reference to the allegations contained in paragraph 81 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

82.     With reference to the allegations contained in paragraph 82 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

83.     Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

84.     Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.  Additionally, Defendants contemporaneously file a Motion to Strike Exhibit 1 from this Complaint.  To the extent Exhibit 1 alleges facts material to this matter, those allegations are denied.

85.     With reference to the allegations contained in paragraph 85 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

86.     With reference to the allegations contained in paragraph 86 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

87.     With reference to the allegations contained in paragraph 87 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

88.     With reference to the allegations contained in paragraph 88 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

89.     With reference to the allegations contained in paragraph 89 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

90.     Defendants deny each and every other allegation not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate his damages, if any, as required by law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim against the City of Aurora for punitive damages is improper.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiff is deemed to have requested, or in the future requests equitable relief, Defendants assert such relief is barred by the doctrines of laches, waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Officer Henderson is entitled to qualified immunity from suit.

## FIFTH AFFIRMATIVE DEFENSE

At all times, Officer Henderson acted with probable cause and/or a reasonable, articulable suspicion.

## SIXTH AFFIRMATIVE DEFENSE

All of Officer Henderson's actions taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

At all times Defendants exercised their legal rights in a permissible manner.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any other defenses which may be disclosed as discovery and investigation are accomplished and hereby request leave of Court to amend this Answer, if necessary, at a later date.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed and denied and that Defendants have judgment against Plaintiff for all costs herein expended, for reasonable attorney fees and for such other and further relief as the Court may deem proper.

**DEFENDANTS REQUEST A TRIAL BY JURY OF ALL OF PLAINTIFF'S CLAIMS**

**WHICH ARE SO TRIABLE.**

DATED at Denver, Colorado this 17th day of November, 2020.

THE CITY OF AURORA, COLORADO

*s/ Isabelle Evans*
Peter Ruben Morales, Esq.
Isabelle Evans, Esq.
Aurora City Attorney's Office
15151 East Alameda Parkway
Aurora, CO 80012
Telephone: (303) 739-7080
Fax: (303) 739-7042
Email:  pmorales@auroragov.org
        ievans@auroragov.org
*Attorney for Defendants*

*s/ Bernard Woessner*
Bernard Woessner, Esq.
Ashley Hernandez-Schlagel, Esq.
NATHAN DUMM & MAYER P.C.
7900 East Union Avenue, Suite 600
Denver, CO 80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
Email: bwoessner@ndm-law.com
       aschlagel@ndm-law.com
*Attorneys for Defendant Everett Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2020, I electronically filed the foregoing **ANSWER AND JURY DEMAND** with the Clerk of Court using the CM/ECF system:

David Lane, Esq.
Andy McNulty, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO  80202
dlane@kln-law.com
amcnulty@kln-law.com

Peter Ruben Morales, Esq.
Isabelle Evans, Esq.
Aurora City Attorney
City Attorney's Office
15151 E. Alameda Pkwy
Aurora, CO  80012
pmorales@aurora.gov
ievans@auroragov.org

*s/  Bernard Woessner*
Bernard Woessner, Esq.
Ashley Hernandez-Schlagel, Esq.
NATHAN DUMM & MAYER P.C.
7900 East Union Avenue, Suite 600
Denver, CO 80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
Email: bwoessner@ndm-law.com
        aschlagel@ndm-law.com