IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02801-NRN

P.J. PARMAR,

Plaintiff,

v.

CITY OF AURORA, COLORADO, a municipal corporation and;
JUSTIN E. HENDERSON, in his official and individual capacity,

Defendants.

## ORDER ON DEFENDANTS' MOTION TO STRIKE (Dkt. #23)

**N. REID NEUREITER**
**UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Defendants' Motion to Strike Allegations of Prior Settlement in Plaintiff's Amended Complaint and Jury Demand. Dkt. #23. The Motion was filed on December 8, 2020 and referred to me by Judge Martinez on the same date.[1] *See* Dkt. #23.

**Background**

This is a civil rights case brought by a doctor, P.J. Parmar, against an individual City of Aurora Police Officer, Justin Henderson, and against the City of Aurora for municipal liability. In brief, the Amended Complaint (Dkt. #14) alleges that Officer Henderson was parked and trespassing on Dr. Parmar's property, blocking the entrance to the garage. Dr. Parmar arrived to try to park his vehicle on his own property and

---

[1] Although Plaintiff has not filed a response, a judicial officer may rule on a motion at any time after it is filed. *See* D.C.COLO.LCivR 7.1(d).

honked at Officer Henderson to get him to move. This prompted an unreasonable and potentially dangerous reaction, with Officer Henderson taking out his firearm and pointing it at Dr. Parmar's head in a threatening manner, demanding Dr. Parmar show proof of ownership of the property. It is further alleged that Officer Henderson and other officers who arrived at the scene harassed Dr. Parmar and threatened to cite him with multiple bogus charges.

Dr. Parmar, who is of Asian-Pacific origin, brings claims under 42 U.S.C. § 1983 for unlawful seizure, excessive force, and denial of equal protection. The claims are against both Officer Henderson in his personal capacity and against the City of Aurora for municipal liability.

As to the municipal liability claims, the Amended Complaint alleges that Officer Henderson engaged in this unconstitutional conduct

> pursuant to the formal or informal custom, policy and practice of Defendant Aurora, which encourages, condones, tolerates, and ratifies the unlawful use of force by law enforcement officers. . . .. This formal or informal custom, policy and practice of Defendant Aurora is so permanent and well settled as to constitute custom and has been ratified by final policymakers.

Dkt. #14 at ¶ 121.

In support of his claim for municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), Dr. Parmar has described numerous instances of prior civil rights lawsuits and potential claims brought or asserted against City of Aurora police officers for excessive force or denial of equal protection. Some of these alleged instances of prior misconduct include descriptions of substantial settlements (frequently in excess of $100,0000) made by the City to resolve those civil

rights claims. *See* the Amended Complaint at paragraphs 36, 39, 41, 43–48, 50-51, 53–56, 58–59, which include descriptions of settlements.

**Defendants' Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), Defendants move to strike the specific paragraphs of the Amended Complaint referring to prior settlements as "immaterial." Defendants argue that under Rule of Evidence 408, a settlement is not admissible to prove the validity of the matter asserted. As Defendants argue, "The allegations that Defendant Aurora settled the prior claims is [sic] therefore not material of whether the prior claims summarized within those paragraphs validly assert misconduct or deliberate indifference to the misconduct, and therefore should be stricken under Rule 12(f)." Dkt. #23 at 2.

**Analysis**

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> (f) **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1)    on its own; or
>
> (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject,

3

> that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d. ed. 2015) (footnotes omitted). *Accord Burget v. Capital W. Sec., Inc.*, No. CIV 09–1015–M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009) (citing *Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir.2 003) (unpublished) ("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")).

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Estate of Gonzales v. AAA Life Ins. Co.*, No. CIV 11–0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012) (quoting *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, No. CIV 09–0455 CVE/FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, *supra*, § 1382 (footnotes omitted).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Estate of Gonzales*, 2012 WL 1684599, at *5 (quoting *Sai Broken Arrow*, 2010 WL 132414, at *5) (internal quotation marks omitted). When it

4

is not clear that the allegations made "could have no possible bearing on the subject matter of the litigation" the motion to strike should be denied. *Storfer v. Dwelle*, No. 3:12-CV-00496-EJL, 2013 WL 3990762 at *5 (D. Idaho, 2013). And, even where the challenged allegations fall within the specific categories set forth in the rule, a party must usually make a showing of prejudice before a court will grant a motion to strike. *Sierra Club v. Tri-State Generation and Transmission Assoc., Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing 5A Wright & Miller, *supra*, § 1382). In other words, even if immaterial, allegations will not be stricken from a complaint unless there is a showing of prejudice to the defendant.

There is caselaw supporting Defendants' position that, based on the policy considerations embodied in Rule 408, prior settlements of civil rights claims would not be admissible to show *Monell* liability. For example, in *W.E. Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005), a plaintiff sought to introduce evidence of prior civil rights settlements by the Los Angeles Sheriff's Department to prove the municipal defendant's *Monell* policy of over-detaining inmates. The district court there ruled, on a motion *in limine*, that the prior settlements were not admissible under Rule 408 and no exception applied. 226 F.R.D. at 640–641. But that decision was made on a motion *in limine* shortly in advance of trial, eliminating any potential trial prejudice to that defendant. By contrast, in this case, Defendants seek an advance ruling at the start of the litigation that the alleged settlement could not possibly be relevant to the claims in the case and would never be admitted.

Although Defendants have an argument (and it may be a good argument) that the settlement information ultimately may not be admissible at trial, it is difficult to say,

5

at this early stage, that the settlement information about prior instances of alleged Aurora Police misconduct has no possible relevance to Dr. Parmar's claims. After all, Rule 408 does allow admission into evidence of settlement information for other purposes than proving liability. *See* Fed. R. Evid. 408(b) (specifically allowing use of settlement information for other purposes, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal prosecution). And, as my colleague Judge Mix has noted, specific examples of prior police misconduct may provide the necessary factual support for a *Monell* claim asserting that a city is on constructive notice that its failure to discipline officers would likely to result in significant harm to the public. *See Diallo v. Milligan*, No. 18-cv-02898-REB-KLM, 2019 WL 3302166, at *12 (D. Colo., July 23, 2019).

At least one federal judge hearing a civil rights case has allowed evidence of a prior settlement by a municipality to show the defendant was on notice of the problem. In *Barnes v. District of Columbia*, 924 F. Supp. 2d 74 (D.D.C. 2013), a civil rights suit alleging over-detentions violative of the Fourth, Fifth and Eighth Amendments, the court allowed evidence of a settlement in a related class action. Evidence of the settlement was admissible at trial on liability under the "other purposes" exception of Rule 408. The fact that suit was filed, and that the District of Columbia undertook prospective injunctive obligations, were relevant to issue of deliberate indifference, and the settlement showed notice of the problem and a promise by the District of Columbia to take specific measures to alleviate problem. 924 F. Supp. 2d at 87–88.

Thus, it is not clear that the allegations of prior lawsuits or claims (and the recited settlement information associated with those lawsuits and claims) are clearly immaterial

6

to this case. The allegations relating to prior settlements are relevant and do have possible bearing on the controversy. Admissibility at trial is a different question. Equally important, there is no evidence that the Defendants here will be prejudiced (much less "substantially prejudiced") if these paragraphs are not stricken. In this District, complaints typically are not submitted to the jury. The trial judge will have the opportunity to exclude any settlement evidence sought to be improperly admitted at trial, curing any potential prejudice at that time. It is not this Court's role at the very earliest stage of the lawsuit to make decisions about what evidence ultimately may or may not be admitted before the jury. Nor should a motion to strike under Rule 12(f) be used as a preemptive motion in limine to attempt to exclude specific evidence.

**Order**

For the foregoing reasons, and because the caselaw and treatises teach that all doubts about striking portions of a complaint under Rule 12(f) should be resolved in favor of the non-moving party, Defendants' Motion to Strike Allegations of Prior Settlement in Plaintiff's Amended Complaint and Jury Demand (Dkt. #23) is **DENIED**.

Dated:   December 10, 2020
         Denver, Colorado                       _____
                                                N. Reid. Neureiter
                                                United States Magistrate Judge