IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2801-WJM-NRN

P.J. PARMAR,

    Plaintiff,

v.

CITY OF AURORA, COLORADO, a municipal corporation, and
JUSTIN E. HENDERSON, in his official and individual capacity,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE INDIVIDUAL AND *MONELL* CLAIMS AND MOTION FOR STAY OF DISCOVERY FOR *MONELL* CLAIMS

This civil rights dispute arises out of an interaction in which Plaintiff P.J. Parmar alleges that Defendant Justin E. Henderson, a law enforcement officer with the Aurora Police Department, pointed a gun at Plaintiff simply because he honked his car horn at Henderson, who was blocking the entrance to, and trespassing on, Plaintiff's property. (ECF No. 14 ¶ 2.)  In his Amended Complaint, Plaintiff alleges the following claims pursuant to 42 U.S.C. § 1983 against Henderson and City of Aurora, Colorado (jointly, "Defendants"): unlawful seizure under the Fourth Amendment; excessive force under the Fourth Amendment; excessive force under the Fourteenth Amendment; and denial of equal protection under the Fourteenth Amendment.  (ECF No. 14.)  Defendants answered the Amended Complaint.  (ECF No. 22.)

Before the Court is Defendants' Motion to Bifurcate Individual and *Monell* Claims and Motion for Stay of Discovery for *Monell* Claims ("Motion"), filed on December 21,

2020.  (ECF No. 32.)  On January 6, 2021, Plaintiff filed a response in opposition (ECF No. 33), and on January 20, 2021, Defendants replied (ECF No. 34).  Plaintiff also filed a notice of supplemental authorities.  (ECF No. 35.)

In the Motion, Defendants request that the Court bifurcate claims against the City of Aurora that are separate from claims alleged against Henderson.  (ECF No. 32 at 2.)  Defendants argue that bifurcation is appropriate to separate the *Monell* claims from the individual claims because it will "serve the interests of judicial economy and will prevent substantial prejudice to Defendant Henderson."  (*Id.*)  Specifically, Defendants assert that resolution of the claims against Henderson could obviate the need to litigate the municipal liability claims because an underlying constitutional violation by an individual is required to impose municipal liability.  (*Id.* at 3.)  Should the Court or a jury find no underlying constitutional violation, Defendants are of the view that the vast scope of *Monell* discovery could be rendered unnecessary.  (*Id.*)

Additionally, Defendants contend that the financial and time burdens associated with litigating this case will be significant.  (*Id.* at 5.)  Discovery for the municipal liability claims is anticipated to cover approximately 28 other incidents alleged in the Amended Complaint.  (*Id.*)  Further, Defendants argue the issues are separable, and bifurcation would prevent substantial prejudice to Henderson without prejudicing Plaintiff.  (*Id.* at 6–7.)  Finally, if the claims are bifurcated, Defendants request a stay of discovery related to the *Monell* claims.  (*Id.* at 9.)

Plaintiff responds that bifurcation of discovery and trial would "severely prejudice Plaintiff."  (ECF No. 33 at 4.)  Plaintiff underscores that Plaintiff does not have the resources to undertake a years-long fight over Henderson's individual liability, and then

2

should Plaintiff prevail, begin another legal battle against the municipality. (*Id.*) Plaintiff identifies potential issues which could arise as a result of bifurcation, such as repeated disputes regarding whether any given discovery request addresses the claims against individual defendants or those against the municipality. (*Id.* at 11–12.) Finally, Plaintiff argues Defendants have not met their burden on a motion to stay. (*Id.* at 13.)

Federal Rule of Civil Procedure 42(b) provides the district court with broad discretion to order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). The decision to bifurcate a trial "must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury." *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). But bifurcation may be an abuse of discretion if it is unfair or prejudicial to a party. *See id.*

The Court has carefully considered the parties' thorough briefing on this issue. Despite Defendants' arguments, the Court agrees with Plaintiff and will not bifurcate the individual liability claims from those related to entity liability. Bifurcation in this case, where there is close connection and overlap between the individual and entity liability claims, would be costly, waste time, and result in duplicative litigation. Moreover, bifurcation of discovery would also likely result in wasteful and unnecessary disputes regarding what discovery relates to the individual claims as opposed to the *Monell*

claims.  *See Estate of McClain by & through McClain v. City of Aurora, Colo.*, 2021 WL 307505, at *2 (D. Colo. Jan. 29, 2021) (denying defendants' motion to stay discovery and to bifurcate individual and *Monell* claims, and motion for stay of discovery for *Monell* claims).  The Court reached a similar conclusion in another § 1983 civil rights action based on excessive force and sees no reason to deviate from that reasoning here.  *See Valdez v. Motyka*, 2020 WL 3963717, at *17 (D. Colo. July 13, 2020) (denying motion to bifurcate where *Monell* claims are "closely connected" to individual liability claims); *see also Estate of Melvin by & through Melvin v. City of Colo. Springs, Colo.*, 2021 WL 50872, at *2 (D. Colo. Jan. 5, 2021) ("Bifurcation of Plaintiff's individual and municipal liability claims would allow this case to languish on the Court's docket, potentially for years, and would be inconsistent with the Court's obligation to oversee 'the just, speedy, and inexpensive determination of every action and proceeding.'").

For the reasons described above, Defendants City of Aurora, Colorado and Justin E. Henderson's Motion to Bifurcate Individual and *Monell* Claims and Motion for Stay of Discovery for *Monell* Claims (ECF No. 32) is DENIED.

Dated this 28th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge